No. 724

VOLLRATH, Exr. v. MARSHALL

No. 19104. Supreme Court

On motion to certify. Dock. April 24, 1925; 3 Abs. 297.

297. CONTRACTS—1. Is express necessary to show that it was intention of decedent to pay for services for nursing?

2. If relationship of niece and aunt applies is that such family relationship as to preclude recovery on part of the niece?

Anna Marshall filed her petition in the Crawford Common Pleas setting forth the death of Mary Marshall and the appointment of Edward Vollrath as executor. Under the petition a claim was made for $7654 which was alleged to be due on account of work and labor and nursing done by Anna Marshall for Mary Marshall during her life time at the special instance and request of said decedent.

Marshall alleged further that it was verbally understood and agreed between the decedent and herself, that she was to be well paid for services so rendered. Vollrath denied that it was verbally understood that Anna Marshall was to be well paid for her services or was to be paid any amount whatsoever and further denied services were performed at request of decedent. The second defense alleged that Anna Marshall was the niece of the dedent, living in the same house and if any services were rendered they were gratuitously performed. It was also alleged by Vollrath that the niece was engaged in other employment and did not perform services set forth.

The Common Pleas sustained Vollrath's motion to direct a verdict but upon prosecution of error the Court of Appeals reversed the judgment. The case was taken to the Supreme Court on a motion to certify and it was contended that:

There was not a scintilla of evidence introduced in the trial court to sustain the allegations contained in the petition. It was contended by Vollrath that he was summoned into court to answer a petition founded upon an express contract and alleging an express contract. It was claimed that no evidence whatsoever from which an inference could be drawn tending to establish an express contract. It was further claimed that because of such fatal variance between the allegations in the petition and the proof adduced in court, the trial court rightfully sustained the motion to direct a verdict.

The blood relationship existing between Marshall and the decedent together with circumstances under which they lived, warranted a presumption in law that the service rendered was gratuitous in the absence of any express contract. It was contended that both parties were members of the same family of the same household; and that before Anna Marshall could recover she must not only prove the services rendered, but must prove, by clear and convincing evidence, that there was a contract wherein she expetced to be paid and decedent agreed to pay.

It was contended that the family relationship did exist between decedent and her niece and existing, barred the latter from recovery; and that the evidence offered by Marshall would not warrant her recovery upon any theory of law.

Attorneys—Clarence U. Ahl for Vollrath; W. J. Schwench for Marshall; all of Bucyrus.